```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ARLEEN LEE,                           :

      Plaintiff,

v.                                    :        No. 3:07-cv-532 (AHN)

VERIZON WIRELESS,

      Defendant.                :

### RULING ON MOTION FOR COSTS AND SANCTIONS

On May 11, 2007, Lee served her complaint on Verizon Wireless ("Verizon") alleging that at Verizon's Wallingford, Connecticut call center location she was subjected to "an ongoing pattern of harassment, discrimination, retaliation and disparate treatment" because of her gender, ethnicity and race. Verizon has now filed a motion to dismiss, or in the alternative, for costs or sanctions [doc. #12] for Lee's failure to prosecute.[1]

### BACKGROUND

On June 5, 2007, Verizon filed a Rule 12(c) motion for more definite statement. Verizon argued that Lee failed to state her claims in separate counts as required by Fed. R. Civ. P. 10(b) and failed to sufficiently state a claim for emotional distress or to specify how Verizon violated her rights under Title VII and CFEPA. In addition, Lee failed to set forth the court's

---

[1] In a ruling from the bench, the court denied Verizon's motion to dismiss, but stated that it would take its motion for costs and sanctions under advisement. In addition, it ordered Lee to further amend her complaint to clarify the nature of her claims against Verizon.

jurisdiction or venue.  Lee never responded to Verizon's motion and on July 5, 2007, the court granted it absent objection.  The court gave Lee thirty days to amend her complaint and Lee failed to do so within the allotted thirty days.

Verizon then filed the current motion to involuntarily dismiss Lee's complaint for failure to prosecute or in the alternative, to award it the costs associated with filing the motion and order sanctions against Lee's counsel.

As further evidence of Lee's apparent disinterest in moving her case forward, Verizon explains that it noticed Lee's deposition and served on Lee its First Set of Interrogatories and Requests for Production of Documents on August 14, 2007.  Three days later, a paralegal in Lee's attorney's office contacted Verizon and sought an extension of time for both the deposition and the discovery requests.  Verizon attempted to contact Lee on numerous occasions after that to set up a deadline for the discovery responses and a date for the deposition.  To date, Lee's counsel has not returned Verizon's calls or responded to its emails.

On September 28, 2007, Lee filed her response to Verizon's motion to dismiss.  On the same day, she filed her amended complaint, two months after the court-ordered deadline.  The only revision Lee made to her complaint was to separate her factual allegations into separate counts, presumably to comply with Fed.

R. Civ. P. 10(b).[2]  Lee made no other substantive changes to the complaint.  As reasons for the delay in filing the amended complaint, counsel for Lee states that he was on vacation from August 3-20, 2007, and that he was ill during this time.

The amended complaint was due on or before August 6, 2007, a mere three days into Lee's counsel's vacation.  A response to Verizon's motion for more definite statement would have been timely filed on or before June 25, 2007.  The Rule 26(f) report was due on July 5, 2007, but because Lee's counsel failed to contact Verizon in a timely fashion, the report was not filed until July 19, 2007.  Almost all of the above deadlines occurred prior to the August vacation.

## DISCUSSION

Verizon states that Lee ignored the court's order and failed to file an amended complaint; failed to consult with Verizon on the 26(f) report within the allotted time frame; failed to communicate with Verizon to schedule discovery dates; and generally has failed to respond to or communicate with Verizon to facilitate the progression of the case.

It is within the court's inherent powers to control and supervise proceedings before it and to sanction attorneys or

---

[2] "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."

their clients for bad faith or for disobeying an order of the court. See Mickle v. Morin, 297 F.3d 114, 125-26 (2d Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)); see also D. Conn. L. Civ. R. 16(g) ("It shall be the duty of counsel to promote the just, speedy and inexpensive determination of every action. The Court may impose sanctions directly against counsel who disobey an order of the Court or intentionally obstruct the effective and efficient administration of justice.").

However, a court can only order sanctions after it provides the attorney with notice and an opportunity to be heard to preserve his due process rights. See Mickle, 297 F.3d at 125-26. In addition, absent an explicit finding that the attorney acted in bad faith, such sanctions must be caused by the attorney's violation of "a prior order of the court" and more generally, "negligent or reckless failure [of an attorney] to perform his or her duty as an officer of the court" rather than for conduct that is "integrally related to the attorney's role as an advocate for his or her client." United States v. Seltzer, 227 F.3d 36 40-41 (2d Cir. 2000). The court must clearly and specifically state the facts setting forth the attorney's actions (or, in this case, inactions) that led to the award of attorney's fees or sanctions. See Mickle, 297 F.3d at 126.

The court has recited Lee's counsel's dilatory tactics in

4

detail above. His inaction and delay are detrimental to Lee's case, and do not relate to his role as Lee's advocate. Lee's counsel has been negligent in his duties to his client and to the court including his disregard of an order of the court to timely amend his complaint.

The court provided Lee's counsel with notice of a hearing on the motion to dismiss or, in the alternative, costs and sanctions. Lee's counsel had an opportunity to be heard at the October 29, 2007 hearing on the motion. Lee's counsel provided no adequate reason for his continued failure to communicate with counsel or why he disobeyed an order of this court. Lee's counsel stated only that his paralegal was new and unaccustomed to the workload of his practice.

As an officer of the court, it is Lee's counsel's responsibility to comply with orders of this court in a timely fashion and to communicate with opposing counsel. Accordingly, pursuant to D. Conn. Civ. R. 16(g) and the court's inherent authority to manage its affairs, the court hereby imposes sanctions in the amount of $250 on Lee's counsel, which shall be paid to the Clerk of the Court at Bridgeport, Connecticut on or before December 1, 2007.

## CONCLUSION

For the foregoing reasons, Verizon's motion for sanctions and attorney's fees [doc. # 12] is GRANTED IN PART and DENIED IN

PART.  Insofar as Verizon seeks to recover attorney's fees, the motion is DENIED.  Insofar as the motion seeks sanctions for Lee's counsel's dilatory tactics, the motion is GRANTED.  In addition, for the reasons stated on the record at the hearing on this motion, Lee is ordered to further amend her complaint to clarify the nature of her claims against Verizon.  Lee shall file a second amended complaint on or before December 1, 2007.

    SO ORDERED this 31st day of October 2007, at Bridgeport, Connecticut.

```
            _____/s/_____
            Alan H. Nevas
            United States District Court Judge
```